IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
RAHEEL AHMED,
individually and on behalf of the class
members described herein,

        Plaintiff,

  v.

FRONTLINE ASSET STRATEGIES, LLC;
LVNV FUNDING, LLC; and
RESURGENT CAPITAL SERVICES, L.P.,

        Defendants.
-------------------------------------------------------------x

Case No: 17-cv-2893

# COMPLAINT – CLASS ACTION

## INTRODUCTION

1.  Plaintiff Raheel Ahmed brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Frontline Asset Strategies, LLC ("Frontline"), LVNV Funding, LLC ("LVNV"), and Resurgent Capital Services, LP ("Resurgent"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.  The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.  In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4.  Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt

collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications and activities impacted plaintiff within this District;

   b. Defendants do or transact business within this District.

## PARTIES

### Plaintiff

9. Plaintiff, Raheel Ahmed, resides in Queens County, New York.

### Defendant Frontline

10. Defendant Frontline is a limited liability company chartered under the law of Minnesota with its principal place of business at 2700 Snelling Avenue N., Suite 250, Roseville, Minnesota 55113. It does business in New York. Its registered agent and office is CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

11. Frontline is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts owed to others.

12. Frontline is a debt collector as defined in the FDCPA.

### Defendants LVNV and Resurgent

13. Defendant LVNV is a limited liability company organized under Delaware law with offices at 625 Pilot Rd., Suite 3, Las Vegas, NV 89119. It does business in New York. Its registered agent and office is Corporation Service Co., 80 State Street, Albany, NY 12207.

14. Defendant LVNV is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

15. Defendant LVNV pays an average of less than ten cents on the dollar for the debts it purchases.

16. Defendant LVNV then attempts to collect the purchased debts by filing suits on them and otherwise.

17. Defendant LVNV has been the plaintiff in more than 500 collection lawsuits during the year prior to the filing of this action.

18. Defendant LVNV regularly uses the mails and telephones in the process of collecting the debts it purchases.

19. Defendant LVNV is a "debt collector" as defined in the FDCPA.

20. Defendant Resurgent is a limited partnership entity organized under Delaware law with its principal place of business at 55 Beattie Place, Suite 110, Greenville, SC 29601. It does business in New York. Its registered agent and office is Corporation Service Co., 80 State Street, Albany, NY 12207.

21. Defendant Resurgent operates a collection agency.

22. Defendant Resurgent holds one or more collection agency licenses.

23. Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

24. Defendant Resurgent is a debt collector as defined in the FDCPA.

25. Notwithstanding the substantial volume of collection activity in which it engages, LVNV claims that it has no employees. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

26. All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

27. Defendant LVNV has stated on a Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

28. Defendant LVNV has also stated on a Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

29. The above statements continue to describe the relationship between LVNV and Resurgent.

30. Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group.

31. On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity

complained of herein even though it was taken in the name of LVNV.

## FACTS

32. Defendants have been attempting to collect from plaintiff an alleged credit card debt incurred, if at all, for personal, family or household purposes and not for business purposes. The alleged original creditor was Credit One Bank, which is also part of the Sherman Financial Group.

33. Credit One Bank reported the debt to Experian and possibly other credit bureaus (consumer reporting agencies) as delinquent beginning in March 2016.

34. LVNV began reporting the debt (or Resurgent reported it for LVNV) to Experian and possibly other credit bureaus in October 2016, as a "collection account" held by a "debt buyer."

35. Resurgent, on behalf of LVNV, placed the alleged debt with Frontline for collection.

36. On or about November 4, 2016, after the debt had already been reported by both LVNV and Credit One Bank, Frontline sent plaintiff the letter attached as Exhibit A.

37. LVNV and Credit One Bank have standardized credit reporting practices, in terms of the time at which a debt is reported to credit bureaus.

38. Exhibit A is a form letter.

39. Exhibit A offers a settlement and asks plaintiff to make payment arrangements. It also states: "In order to prevent any further action, please contact us so that we may assist you in resolving this debt. Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account holder if you fail to fulfill the terms of your credit obligations."

40. The quoted statement seeks to induce payment by telling the least sophisticated consumer that payment of the debt will avoid a negative credit bureau report.

41. The quoted statement is false and misleading, and omits to state material facts

necessary to make the statements made not misleading, in that a negative credit bureau report has already been made and will not be avoided by payment.

42. The quoted statement was made by Frontline as authorized agent of Resurgent and LVNV.

## COUNT I – FDCPA

43. Plaintiff incorporates paragraphs 1-42.

44. Defendants violated 15 U.S.C. §1692e, 1692e(2), 1692e(5), and 1692e(10) by making the statements quoted above.

45. Section 1692e provides:

**§ 1692e.      False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)      The false representation of--**

**(A)      the character, amount, or legal status of any debt; . . .**

**(5)      The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

46. Plaintiff brings this claim on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

47. The class consists of (a) all individuals (b) to whom Frontline sent a letter in the form represented by Exhibit A (c) relating to a debt that had already been reported to a credit bureau by the current owner of the debt or an affiliate (d) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

48. The subclass consists of class members whose debts were allegedly owned by LVNV at the time the letter was sent.

49. On information and belief, based on the use of a form letter, the class and subclass are so numerous that joinder of all members is not practicable.

50. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether defendants represent that negative credit bureau reporting may be avoided by payment, when it has already occurred;

    b. Whether such representation violates the FDCPA.

51. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

52. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

53. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i.    Statutory damages;

    ii.    Attorney's fees, litigation expenses and costs of suit;

    iii.    Such other and further relief as the Court deems proper.

<u>s/Tiffany N. Hardy</u>
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

Dan Shaked
SHAKED LAW GROUP, P.C.
44 Court Street, Suite 1217
Brooklyn, New York 11201
(917) 373-9128

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/Tiffany N. Hardy<br>
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

Dan Shaked
SHAKED LAW GROUP, P.C.
44 Court Street, Suite 1217
Brooklyn, New York 11201
(917) 373-9128

## DOCUMENT PRESERVATION DEMAND

      Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them.  These materials are likely very relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                             s/Tiffany N. Hardy  
                                                              Tiffany N. Hardy

Tiffany N. Hardy  
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC  
20 South Clark Street, Suite 1500  
Chicago, IL 60603-1824  
(312) 739-4200  
(312) 419-0379 (FAX)  
Email address for service:  courtecl@edcombs.com